UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

                Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

                Defendants.

CASE NO. 3:23-cv-05592-BHS

REPORT AND RECOMMENDATION

Noting Date: August 18, 2023

        The District Court has referred Plaintiff Tiffany Recinos' pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On July 1, 2023, Plaintiff filed a proposed civil Complaint and Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

        In determining whether IFP should be granted in this case, the Court has reviewed the proposed Complaint and finds the instant matter fails to state a claim upon which relief can be granted. Therefore, the Court recommends this case be dismissed without prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed Complaint in this matter. Because Plaintiff filed this proposed Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In her proposed Complaint, Plaintiff alleges her civil rights claims stem from a September 2022 insurance claim from water damage to her home. Dkt. 1-1. She claims that, since submitting the insurance claim, she and members of her family have been punished by various federal and state officials and entities, including four U.S. District Court Judges, the Social Security Commissioner, Washington State's Insurance Commissioner, Washington State's Board of Industrial Appeals Commissioner, the Commissioner of Washington State's Division of Child Support, and the State of Washington. *Id*.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

REPORT AND RECOMMENDATION - 2

1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Here, Plaintiff's proposed Complaint is difficult to comprehend. Plaintiff claims a water damage insurance claim for her primary residence was approved, but she never received the funds to pay for the damage. Dkt. 1-1. She states that, since submitting the claim, she has been denied social security disability benefits and her pension with medical benefits. *Id*. at 5. Plaintiff does not explain the alleged connection between the insurance claim and any wrong-doing of the named Defendants. Further, the legal basis for her claims is unclear. Plaintiff provides a conclusory statement alleging her constitutional rights relating to "the enjoyment of life, liberty, with the means of acquiring and possessing property, and pursuing and obtaining happiness and safety" were violated, but has not provided any allegations explaining how the named Defendants violated her rights. *Id*. at 3.

Moreover, she alleges that all parties are located in the State of Washington; thus, there is no diversity jurisdiction. *Id*. at 4. Finally, Plaintiff requests that her social security benefits and pension be reinstated, that a previous child support agreement be enforced, and that her

inheritance from her grandparents, which was stolen by other relatives, be returned. *Id*. at 6. After consideration of the allegations in the proposed Complaint, the Court finds the proposed Complaint does not state a claim for which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As Plaintiff's proposed Complaint does not appear to have any basis in law and the claims against the named Defendants appear to be based solely on conjecture, the Court finds any attempt by Plaintiff to amend the proposed Complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend her proposed Complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed Complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

REPORT AND RECOMMENDATION - 4

*v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 18, 2023, as noted in the caption.

Dated this 4th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5